# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| MARINA SILVA | § | |
| | § | |
| V. | § | CASE NO. 4:15-CV-5 |
| | § | (Judge Mazzant/Judge Bush) |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636.

On June 30, 2016, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that the decision of the Administrative Law Judge be **AFFIRMED**.

On July 11, 2016, Plaintiff filed objections to the Magistrate Judge's report (*see* Dkt. #17), and Defendant filed its response to those objections on July 28, 2016 (*see* Dkt. #21).

The Court has made a *de novo* review of the objections raised by Plaintiff and Defendant's response and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge.

In her objections, Plaintiff argues that the statements of her treating physician, Dr. Timon, were more detailed than what was represented by the Magistrate Judge in his report. Plaintiff argues that Dr. Timon's statements show a capacity for work that is less than sedentary. According to Plaintiff, although the Magistrate Judge indicated that Plaintiff could sit and stand/walk at least 6 hours in an 8 hour workday, Dr. Timon's statements indicate that she could not do so without some accommodation.

As the Magistrate Judge correctly noted, the ALJ has the responsibility for determining an individual's RFC. *See Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). The administrate record here contains sufficient evidence of the ALJ's consideration of Plaintiff's medical records, including Dr. Timon's records and opinions. As noted by Defendant and the Magistrate Judge, Dr. Timon's records note Plaintiff's generally improved condition and are not inconsistent with the ALJ's analysis. *See, e.g.*, Tr. 58, 418-422. Although Dr. Timon also opined that Plaintiff may be somewhat limited in her ability to sit, stand and walk for at least six hours in a day, the ALJ was not required to accept Dr. Timon's opinion in full, and indeed stated that he gave reduced weight to Dr. Timon's opinion because it overall notes a "lack of serious limitations placed on the claimant per her (apparently former) treating physician (who has not seen her since July 5, 2012)." Tr. 20.

The objective evidence of record, including Dr. Timon's notes, supports the ALJ's conclusions. Because the ALJ retains the sole responsibility for determining an individual's RFC based on all of the relevant evidence, including the medical records, treating physician observations, and the claimant's descriptions of his limitations, the Court finds that Plaintiff's objection regarding

the ALJ's and Magistrate Judge's consideration of Dr. Timon's opinions are without merit. *See Ripley v. Chater,* 67 F.3d 552, 557 (5th Cir. 1995); 20 C.F.R. §§ 404.1546(c), 416.946(c); SSR 96-8p, 1996 WL 374184, at *5.

Next, the Court turns to Plaintiff's objection to the Magistrate Judge's conclusion that the ALJ's hypothetical to the VE was proper. Plaintiff argues that Plaintiff's counsel's question to the VE complied directly with the medical evidence and was therefore entitled to greater consideration. The ALJ is not bound by vocational expert testimony based upon hypothetical assumptions rejected by the ALJ. *Owens v. Heckler*, 770 F.2d 1276, 1282 (5th Cir. 1985). Plaintiff's objection regarding the hypothetical posed to the VE is without merit.

Finally, to the extent Plaintiff argues that the ALJ's and Magistrate Judge's conclusions "penalize" her for working part-time despite her reported condition, the Court finds no error. As correctly noted by Defendant in response to her objections, when determining Plaintiff's disability status, the ALJ is permitted to consider evidence that Plaintiff was able to hold a part-time job while at the same time alleging an inability to work due to back problems. *See*, *e.g.*, *Murray v. Astrue*, 419 F. App'x 539, 541 (5th Cir. 2011) (*citing Vaughan v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995)). Any objection in this regard is overruled.

Finding that Plaintiff's objections are without merit and that substantial evidence supports the ALJ's decision, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court.

It is, therefore, **ORDERED** that the decision of the Administrative Law Judge is **AFFIRMED**.

It is SO ORDERED.
SIGNED this 25th day of August, 2016.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE